1
2
3
4
5            IN THE UNITED STATES DISTRICT COURT

6         FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8 MASTEC NORTH AMERICA, INC.,        No. C 08-3759 SI

9        Plaintiff,         **ORDER GRANTING DEFENDANT'S**
                            **MOTION TO STRIKE JURY DEMAND**
10   v.

11 COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC,
12
13        Defendant.
                                /

14

15

16       Defendant Comcast Cable Communications Management, LLC has moved to strike plaintiff

Mastec North America, Inc.'s demand for jury trial. The motion is currently scheduled for a hearing
17
on June 19, 2009. Pursuant to Civil Local Rule 7-1(b), the Court determines that the motion is
18
appropriate for resolution without oral argument, and VACATES the hearing. As set forth below,
19
the Court GRANTS defendant's motion.
20

21
                        **BACKGROUND**
22
      This case was filed in the California Superior Court for the County of Alameda on July 3, 2008.
23
The complaint did not include a jury demand. *See* Ntc. of Removal, Ex. A, Dkt. No. 1. Defendant filed
24
its answer on August 5, 2008, and removed the action to federal court on August 6, 2008. *Id*. Ex. B.
25
On November 7, 2008, plaintiff filed a demand for a jury trial. Defendant moves to strike plaintiff's jury
26
demand as untimely.
27

28

*United States District Court*
*For the Northern District of California*

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DISCUSSION**

Defendant contends that plaintiff's November 7, 2008 demand for a jury trial was untimely and that plaintiff has therefore waived its right to a jury trial. Generally, when in federal court a party may demand a jury trial by properly serving the other parties with a written demand no later than ten days after the last pleading directed to the issue is served. Fed. R. Civ. P. 38(b). When a case has been removed to federal court, and if all relevant pleadings had been served prior to removal, a jury demand must be made by a party within ten days of either filing or being served with a notice of removal. Fed. R. Civ. P. 81(c)(3)(B). Failure to make a timely jury trial request in federal court ordinarily equates to a waiver of the right to trial by jury. *See Lutz v. Glendale Union High School*, 403 F.3d 1061, 1063-64 (9th Cir. 2005) (citing Fed. R. Civ. P. 38(d)).

Rule 81(c)(3)(A) recognizes an exception to the ten day limitation, stating: "[a] party, who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal. If the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time." Fed. R. Civ. P. 81(c)(3)(A). However, the Ninth Circuit has held that because California is a state where an "express demand" is required, the exception in Rule 81(c)(3)(A) does not apply to cases removed from a California court. *See Lewis v. Time, Inc.*, 710 F.2d 549, 556 (9th Cir. 1983) (holding California requires an express demand, and "[t]herefore, F.R.Civ.P. 38(d), made applicable by Rule 81(c), required Lewis to file a demand "not later than 10 days after the service of the last pleading directed to such issue [to be tried.]").

It is undisputed that plaintiff did not make an express jury trial demand either before removal or within ten days of being served with the notice of removal. Nor does plaintiff dispute that California is a state in which an express demand for a jury trial is required. *See* Pl. Opp. at 5, citing Cal. Civ. Proc. Code § 631(d)(4)-(6). Instead, and without citation to supporting authority, plaintiff argues that the Rule 81(c)(3)(A) exception applies here since under California law a plaintiff can make an express demand up until the time of trial. *See* Cal. Code Civ. Proc. § 631(d). Plaintiff argues that because California does not require an express jury demand at the time of removal, a plaintiff is free to make a jury demand at any time after removal. Plaintiff's argument is foreclosed by *Lewis*, in which the Ninth Circuit

United States District Court
For the Northern District of California

1   recognized that under California law a litigant did not waive his right to a jury trial until trial was set.

2   *Lewis*, 710 F.2d at 556.  To determine whether the Rule 81(c)(3)(A) exception applies, the key inquiry

3   is whether the state from which the case was removed requires an express demand at any time.  *Id.*; *see*

4   *also Ward v. Sunrise Assisted Living Invs. Inc.*, No. 05-3165, 2006 WL 37030, at *1 (N.D. Cal. Jan. 5,

5   2006) (citing *Lewis*, 710 F.2d at 556).

6          Plaintiff also argues that *Lewis* might have been decided differently in light of a 2002

7   amendment to the California Code of Civil Procedure.[1]  Again, plaintiff cites no authority in support of

8   this assertion, and no court has acknowledged any effect of the 2002 amendment on the application of

9   *Lewis* and the ten-day deadline.  *See Wave House Belmont Park, LLC v. Travelers Prop. Cas. Co. of*

10  *America*, 244 F.R.D. 608, 610 (S.D. Cal. 2007); *Jimena v. UBS AG Bank, Inc.*, No. 07-367, 2008 WL

11  2951213, at *2 (E.D. Cal. July 28, 2008); *Marcotte v. Allstate Idem. Co.*, No. 05-5160, 2006 WL

12  870692, at *2 (N.D. Cal Apr. 3, 2006); *Ward*, 2006 WL 37030, at *1.  In sum, because there is still no

13  dispute that California is a state where an express jury demand is required, *Lewis* is still the controlling

14  law on this issue and plaintiff's jury demand is untimely.[2]

15

16                                    **CONCLUSION**

17         For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's

18  motion to strike plaintiff's demand for a jury trial.  Dkt. No. 26.

19         **IT IS SO ORDERED.**

20

21  Dated: June 16, 2009

22                                                          SUSAN ILLSTON
                                                          United States District Judge
23

24         [1] In 2002, California added the following subsection to its jury trial demand statute: "The right
    to a trial by jury as declared by Section 16 of Article 1 of the California Constitution shall be preserved
25  to the parties inviolate.  In civil cases, a jury may only be waived pursuant to subdivision (d)." Cal. Civ.
    Proc. Code § 631(a) (West 2009).
26

27         [2] Had plaintiff  moved for relief under Rule 39(b) on this particular issue, the Court would note
    that the Ninth Circuit has held that "an untimely jury demand due to legal mistake does not broaden the
28  district court's narrow discretion to grant the demand" under Rule 39(b).  *See Pacific Fisheries Corp.*
    *v. HIH Cas. & Gen. Ins. Ltd.*, 239 F.3d 1000, 1003 (9th Cir. 2001).